# In the United States Court of Federal Claims

No. 08-889T
No. 09-55T
(Filed October 21, 2009)
(Not for publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
PAM SCHULTZ,                                       *
                                                   *
            Plaintiff,                             *
                                                   *
      v.                                           *
                                                   *
THE UNITED STATES,                                 *
                                                   *
            Defendant.                             *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
KELLI SILVER, as Personal                          *
      Representative of the Estate of              *
      Bill W. Parsons,                             *
                                                   *
            Plaintiff,                             *
                                                   *
      v.                                           *
                                                   *
THE UNITED STATES,                                 *
                                                   *
            Defendant.                             *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

**WILLIAMS**, Judge

In this consolidated action, Plaintiffs seek a refund of income taxes paid in 1999, on the

basis of net operating loss carrybacks from losses that occurred in 2002. This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' actions for lack of subject matter jurisdiction on the ground that Plaintiffs did not timely file their claims for refund with the Internal Revenue Service ("IRS") under 26 U.S.C. § 6511(d)(2). For the reasons set forth below, Defendant's motion to dismiss is denied without prejudice.

## **Background**[1]

On December 12, 2008, Plaintiff Pam Schultz filed a complaint in this Court seeking a refund of more than $484,485.00 of income taxes paid in 1999 ("Schultz Compl."). On January 30, 2009, Plaintiff Kelli Silver, on behalf of the estate of Bill W. Parsons, filed a complaint in this Court seeking a refund of more than $345,309.00 ("Parsons Compl."). Plaintiffs Schultz and Parsons were spouses until Mr. Parsons died in 2002, and their claims for refunds arise out of the same failed investments. Plaintiffs allege that they incurred theft losses in 2002 related to failed investments in life insurance investment contracts and payphone lease agreements. Schultz Compl. ¶ 59; Parsons Compl. ¶ 65. Plaintiffs believe that these losses entitle them to claim net operating loss carrybacks of income taxes they paid in 1999, pursuant to 26 U.S.C. § 165(a). See Schultz Compl. ¶ 65; Parsons Compl. ¶ 65.

The determinative issue at this stage is whether Plaintiffs timely filed their IRS Forms 1040X, requesting refunds of income taxes paid in 1999. Plaintiffs present differing accounts of when they filed their amended returns for 1999. In her complaint, Plaintiff Schultz claims that she filed her refund request on March 21, 2006. Schultz Compl. ¶ 65. For support, Ms. Schultz attaches to her complaint a "copy of the 1999 Form 1040," which includes a copy of an incomplete Form 1040X. Id. Ex. A. Plaintiff Parsons' estate asserts that his request was filed on April 7, 2006. Parsons Compl. ¶ 65. Plaintiff supports this contention by attaching to the complaint a "copy of the 1999 Form 1040X." Id. Ex. A. Defendant points out, correctly, that neither of these documents are signed by Plaintiffs. Def. Mot. to Dismiss at 3 n. 3.

In their response to Defendant's motion to dismiss, Plaintiffs claim that their tax preparer mailed both of their 1999 Forms 1040X to the IRS on April 14, 2006. Pl. Resp. to Def. Mot. to Dismiss at 2. Plaintiffs attach copies of three certified mail receipts and a receipt of payment indicating that three parcels were sent to the "IRS, Austin, Texas" on April 14, 2006. Pl. Resp. to Def. Mot. to Dismiss Ex. A. Plaintiffs also attach a notarized declaration from their tax preparer, Tobias H. Elsass. Id. Ex. C. Mr. Elsass states under oath that he prepared, inter alia, Ms. Schultz's and Mr. Parsons' amended tax returns for 1999 and that he mailed these amended returns to the IRS on April 14, 2006. Id. According to Mr. Elsass, the attached certified mail receipts relate to parcels containing Plaintiffs' amended 1999 tax returns. Id.

In its motion to dismiss, Defendant asserts that Plaintiffs did not file their amended returns for tax year 1999 until October 27, 2006, more than six months after the limitations period expired. Def. Mot. to Dismiss at 5. In support of its motion, Defendant provides copies of Plaintiffs' amended

---

[1] This background is derived from Plaintiffs' complaints and the exhibits to the parties' motion papers.

returns for 1999 that were obtained from IRS records in Austin, Texas.  Def. Mot. to Dismiss Ex. 6 at 000040; Ex. 7 at 000059.  These copies include Plaintiffs' signatures dated October 22, 2006, bear a postmark of October 27, 2006, and were stamped received by the IRS on October 30, 2006.  Id. at 3.  According to Defendant, these dates are consistent with the IRS's copies of Plaintiffs' "Certificates of Assessments and Payments" (IRS Forms 4340) for tax years 1999 and 2002.  Id.  Defendant notes in its reply that Plaintiffs' certified mail receipts "are not attached to any document in particular and do not indicate on their face that they relate to plaintiffs' tax year 1999 Forms 1040X."  Def. Reply at 2.  Defendant also asserts that Mr. Elsass' declaration is unreliable.  Id. at 3.

## Discussion

A taxpayer who seeks a refund of erroneously collected taxes may bring an action against the government in the United States Court of Federal Claims.  26 U.S.C. § 1346(a);  United States v. Clintwood Elkhorn Min. Co., __ U.S. __, 128 S.Ct. 1511, 1514 (2008).  Section 7422 of the Internal Revenue Code (the "Code"), however, provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously . . . collected . . . until a claim for refund or credit has been duly filed with the Secretary."  26 U.S.C. § 7422(a).  In other words, the taxpayer must comply with the refund procedures and limitations set forth in the Code in order for the Court's jurisdiction to vest.

If the Court finds that it does not have jurisdiction, it must dismiss the case.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause.'") (quoting Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).  In ruling on a motion to dismiss, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor."  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); see Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1940-41 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity . . . .").  Despite this framework, when the motion is made under RCFC 12(b)(1), the plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  When the movant challenges the truth of jurisdictional facts alleged in the complaint, the court may consider relevant evidence to resolve the factual dispute.  Reynolds, 846 F.2d at 747; see also Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged.").

Section 6511 of the Code establishes the time limits within which a taxpayer must file a claim for refund with the IRS.  26 U.S.C. § 6511.  The Code affixes a "special" limitations period to refund claims based on net operating loss carrybacks, stating:

> If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback . . . the period shall be that period which ends 3 years after the time

3

>     prescribed by law for filing the return (including extensions thereof)
>     for the taxable year of the net operating loss or net capital loss which
>     results in such carryback.

26 U.S.C. § 6511(d)(2).

The Code prescribes that tax returns based on a calendar year must be filed by April 15 of the following year, unless the taxpayer obtains an extension. 26 U.S.C. § 6072(a). Thus, for a loss that occurred in 2002, a taxpayer who has not received an extension would have had until April 15, 2006, to file a claim for a refund attributable to a net operating loss carryback. 26 U.S.C. § 6511(d)(2); Treas. Reg. § 301.6511(d)-2. A claim for refund is "duly filed" under Section 7422 if a "properly executed . . . income tax return or an amended return (on 1040X . . .)" is filed with the IRS prior to the expiration of limitations period under Section 6511(d)(2). Treas. Reg. § 301.6402-3 (a)(5). An amended return is "properly executed" if it "contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer." Id.

Separately, the Code permits taxpayers to file expedited refund requests for net operating losses. 26 U.S.C. § 6411(a). These requests are known as "tentative carryback adjustments." Id. An application for tentative carryback adjustment, using an IRS Form 1045, "will not constitute a claim for credit or refund within the meaning of section 6511 for purposes of determining whether a claim for credit or refund was filed prior to the expiration of the applicable period of limitations." Treas. Reg. § 1.6411-1(b)(2).

Here, the parties dispute a jurisdictional fact. Specifically, Defendant is challenging Plaintiffs' assertion that they filed their refund claims (i.e. their amended 1999 returns) on or prior to April 15, 2006. Because filing the claims after the limitations period expired would strip the Court of jurisdiction, Plaintiffs must prove by a preponderance of the evidence that they timely filed their refund claims. Reynolds, 846 F.2d at 747. The Court may consider relevant evidence to resolve the factual dispute. Id.

The parties do not dispute the date upon which Plaintiffs had to file their refund claims under Section 6511(d)(2). Because Plaintiffs' alleged losses occurred in 2002, the parties agree that, unless either Plaintiff received an extension,[2] they would have had to file their refund claims by April 15, 2006. See Pl. Resp. to Mot. to Dismiss at 4-5; Def. Mot. to Dismiss at 5.

In support of their assertions that their refund claims were timely filed, Plaintiffs submitted: (1) copies of IRS Forms 1040X, among other IRS forms; (2) copies of IRS disallowance letters

---

[2] At all times, Plaintiffs seem to maintain that the limitations period for both Ms. Schultz and Mr. Parsons' estate expired on April 15, 2006. See Pl. Resp. to Mot. to Dismiss at 5. However, Defendant's filing indicates that Mr. Parsons may have received an extension until October 16, 2006, to file his 2002 return (and, under Code section 6511, his 1999 refund claim), although it is not entirely clear and Plaintiffs have not argued this point. See Def. Mot. to Dismiss at Ex. 8 at 000073.

regarding their refund claims; (3) copies of certified mail receipts with a payment slip for receipts; and (4) a sworn declaration by Mr. Tobias H. Elsass.

In her complaint, Plaintiff Schultz included two copies of Form 1040X for tax year 1999. Schultz Compl. Ex. A. One of these forms includes the date March 21, 2006 in the signature box for the tax preparer. Id. Plaintiff Schultz seems to rely on this date in making her assertion that her 1999 refund claim was timely filed. This form, however, is not signed by Ms. Schultz. Nor is it signed by the tax preparer. The other copy of Form 1040X included in Plaintiff Schultz's complaint is signed by Ms. Schultz and a tax preparer. The signatures, however, are dated October 22, 2006, and October 26, 2006, respectively. The disallowance letter indicates that the IRS did not receive Ms. Schultz's refund claim until October 30, 2006. See Schultz Compl. Ex. C. Plaintiff Parsons' IRS Forms, including the copy of Form 1040X, are also unsigned and undated. See Parsons Compl. Exs. A, B & C.

Defendant asserts that Plaintiffs' refund claims were not filed until October 27, 2006, at the earliest. Def. Mot. to Dismiss at 4. To supports its claim, Defendant produces copies of certain IRS records, including: (1) copies of Plaintiffs' Forms 4340; (2) copies of Plaintiffs' Forms 1040 for tax year 1999 and 2002; (3) a copy of a letter from the IRS to Bill W. Parsons regarding his request for a tentative refund; (4) copies of Plaintiffs' Forms 1040X for tax year 1999; and (5) copies of notices sent to Plaintiffs in response to their requests for refunds for tax year 1999. These documents were retrieved from IRS records by Defendant's counsel and produced under oath with certificates of authenticity from IRS officials.

The copy of Plaintiff Schultz's Form 1040X is signed by Ms. Schultz, and her signature is dated October 22, 2006. Def. Mot. to Dismiss Ex. 6 at 000040. The form also includes a signature of the paid preparer (an individual from the Fraud Recovery Group, Inc. in Columbus, Ohio) dated October 26, 2006. Id. Notably, these dates correspond with the dates included on the only signed Form 1040X included in Plaintiff Schultz's complaint. See Schultz Compl. Ex. A. Defendant's copy also indicates that it was stamped received by the IRS in Austin, Texas on October 30, 2006. Def. Mot. to Dismiss Ex. 6 at 000040. Further, Defendant's records include a copy of a cover letter to the IRS regarding Ms. Schultz's Form 1040X that was signed by Mr. Tobias Elsass and dated October 27, 2006. Finally, Defendant includes a copy of the envelope in which these documents were allegedly sent to the IRS; the envelope is postmarked October 27, 2006, in Columbus, Ohio (zip code 43235). See Def. Mot. to Dismiss Ex. 6 at 000057. These dates correspond with the IRS's account for Plaintiff Schultz as reflected on its Form 4340 for tax year 1999. Def. Mot. to Dismiss Ex. 10 at 000091. According to this transcript, Ms. Schultz's "Amended Return" (i.e. Form 1040X) was filed on October 30, 2006. Id.

Defendant submitted similar documents with respect to Plaintiff Parsons' estate's refund request. The copy of Mr. Parson's 1999 Form 1040X indicates that his refund request was signed by a representative of his estate, Kelli Silver, on October 22, 2006, and by the tax preparer on October 26, 2006. Def. Mot. to Dismiss Ex. 7 at 00059. The copy indicates that Mr. Parsons' refund request was stamped received by the IRS in Austin, Texas on October 30, 2006. Id. Defendant also includes

a copy of a cover letter to the IRS from Mr. Elsass dated October 27, 2006, regarding the filing of Mr. Parsons' Form 1040X. Id. at 000068. Finally, Defendant includes a copy of the envelope in which these documents were allegedly sent to the IRS; the envelope is from Mr. Elsass' firm and was postmarked October 27, 2006, in Columbus, Ohio. Id. at 00069 - 70.

Plaintiffs respond to Defendant's motion by asserting that their Forms 1040X were mailed on April 14, 2006, rather than on March 21, 2006 and April 7, 2006, as originally pled. See Pl. Resp. to Def. Mot. to Dismiss at 5. For support, Plaintiffs submitted a sworn declaration and copies of certified mail receipts that they claim relate to Plaintiffs' amended 1999 returns. The Court finds that Mr. Elsass' sworn declaration and the accompanying certified mail receipts, taken together, raise a question of fact that warrants further consideration.

In his sworn declaration, Mr. Elsass states that he prepared amended tax returns for Mr. Parsons and Ms. Schultz for tax years 1999. Id. Ex. C. He also testifies that the amended returns for 1999 and 2000 were hand-delivered to a post office in Worthington, Ohio, on April 14, 2006, from which they were mailed to the IRS on the same day. Id. Mr. Elsass affixes what he declares are copies of the certified mail receipts and a payment receipt related to Plaintiffs' Forms 1040X, both date stamped April 14, 2006, which Plaintiffs attach as Exhibits A and B to their response.

Defendant challenges the truthfulness of Mr. Elsass' declaration and questions his credibility. In addition to Mr. Elsass' statements being at odds with Defendant's records, Defendant includes copies of cover letters dated October 27, 2009, signed by Mr. Elsass to the IRS that Defendant asserts accompanied Plaintiffs' Forms 1040X for tax year 1999. Def. Mot. to Dismiss at Ex. 6 at 000053; Ex. 7 at 000068.

Drawing all reasonable inferences in Plaintiffs' favor, the Court finds that there is an unresolved question of fact as to when Plaintiffs filed their claims for refund. Plaintiffs have provided testimonial evidence that, if true, would defeat Defendant's motion to dismiss. The Court cannot weigh the probative value of Mr. Elsass' declaration on the papers. As such, the Court will conduct a brief trial to resolve these questions of fact. Mr. Elsass is a necessary witness.

## Conclusion

Because the Court finds that there is an unresolved question of fact as to when Plaintiffs' filed their Forms 1040X for tax year 1999, the Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE. The Court will conduct a telephonic status conference on **November 5, 2009, at 11:00 a.m. EST** to schedule the time and place of an evidentiary hearing on jurisdiction.

                s/Mary Ellen Coster Williams
                **Mary Ellen Coster Williams**
                **Judge**